The Law Office of Anthony Paul Diehl
Anthony Paul Diehl, Esq. SBN 342160
104 Blue Note
Irvine, California 92618
Phone (949) 694-9702
Facsimile (949) 694-9704
anthony@apdlaw.net

*Attorney for Plaintiff*
*Anthony Ayala*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anthony Ayala,<br><br>        Plaintiff,<br><br>v.<br><br>BlueChip Financial Services,<br>Spotloan, and DOES 1 through 20,<br><br>        Defendant(s). | Case No. 8:25-cv-00916<br><br>**PLAINTIFF, ANTHONY AYALA'S COMPLAINT FOR DAMAGES UNDER THE 1) ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CCC §§ 1788.10 - 1788.33); 2) FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692) – AS INCORPORATED BY ROSENTHAL; 3) TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227); 4) AND INTRUSION UPON SECLUSION; AND OTHER EQUITABLE RELIEF**<br><br>**Demand for Jury Trial** |

COMPLAINT - 1

## JURISDICTION AND VENUE

1. This Court possesses jurisdiction over the present matter.[1]

2. Venue is proper because a substantial part of the events giving rise to these claims took place in this District and the unlawful practices alleged herein involve a federal question.

3. Further, this Court has supplemental jurisdiction over Plaintiff's California causes of action as Plaintiff's California state law claims are so related to Plaintiff's Federal claims in this action that they form part of the same case or controversy.

## PARTIES

4. Plaintiff, Anthony Ayala, is a resident of the State of California, in the county of Orange.

5. Plaintiff is a consumer[2] as defined in the Fair Debt Collection Practices Act ("FDCPA").[3]

6. Plaintiff is a debtor[4] as that term is defined by California's Fair Debt Collection Practices Act ("Rosenthal").[5]

7. Plaintiff incurred a "debt" as defined in the FDCPA.[6]

8. Defendant, BlueChip Financial Services, is an entity wholly owned and operated by Turtle Mountain Band of Chippewa Indians, with its principal office in the State of North Dakota.

9. Bluechip is the creditor and attempted to collect on the debt using the name SpotLoan[7].

---

[1] 28 U.S.C. §§ 1331, 1337, 1367, 1391; 47 U.S.C. § 227(b)(3); and 15 U.S.C. § 1692k(d).
[2] 15 U.S.C. § 1692a(3)
[3] 15 U.S.C. § 1692 et seq
[4] Cal. Civ. Code § 1788.2(h)
[5] Cal. Civ. Code §§ 1788.10 - 1788.33
[6] 15 U.S.C. § 1692a(5)
[7] The term "debt collector" includes "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15

10. Plaintiff is informed and believe, and thereon allege, that DOES 1 through 20 are persons or entities who may also be liable for the obligations described herein. Plaintiff will amend this Complaint to allege their true identities when ascertained.

11. Defendant uses instruments of interstate commerce, including mail, email, SMS and telephone communications, primarily for the business purpose of collecting debt.[8]

12. At all times relevant, Defendants was a "debt collector" as defined in the FDCPA.[9]

13. Defendant regularly attempts to collect debt using mail, electronic communication, and telephone, "consumer debts" allegedly owed to it, as defined in Rosenthal.[10]

14. Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

15. Defendant is a debt collector [11] and engages in debt collection.[12]

16. Defendant is subject to the FDCPA[13] and its remedies[14] as incorporated by Rosenthal.[15]

17. At all times mentioned herein, Defendant was a corporation and a "person," as defined by the Telecommunications Act of 1996.[16]

---

U.S.C. § 1692a(6) "A creditor uses a name other than its own when it uses a name that implies that a third party is involved in collecting its debts, 'pretends to be someone else' or 'uses a pseudonym or alias.' " *Maguire v. Citicorp Retail Servs.,* Inc., 147 F.3d 232, 235 (2nd Cir. 1998) (quoting *Villareal v. Snow,* 1996 WL 473386, at *3 (N.D. Ill. Aug. 19, 1996)).

[8] 15 U.S.C § 1692a(3)
[9] 15 U.S.C. § 1692a(7)
[10] Cal. Civ. Code § 1788.2(f)
[11] Cal. Civ. Code § 1788.2(c)
[12] Cal. Civ. Code § 1788.2(b).
[13] 15 U.S.C. §§ 1692b to 1692j
[14] 15 U.S.C. § 1692k
[15] Cal. Civ. Code § 1788.17
[16] 47 U.S.C. § 153(39)

18. At all times relevant hereto, Defendant used, controlled, and/or operated an automatic telephone dialing system ("ATDS")[17] with the capacity to dial numbers (residential and/or wireless) without human intervention and or use of an artificial voice and/or prerecorded voice message ("Robotic Voice")[18] as defined in Telephone Consumer Protection Act ("TCPA").[19]

19. At all times relevant hereto, Defendant used, controlled, and or operated a "text messaging service" as defined in the TCPA.[20]

20. Defendant's text messaging service is designed to place text messages ("SMS") as defined in the TCPA to Plaintiff's wireless telephone.[21]

21. ATDS, Robotic Voice, and/or SMS may include certain Artificial Intelligence technologies ("Ai").[22]

## FACTS COMMON TO ALL COUNTS

22. On or around April 22, 2024, Plaintiff's attorney notified Defendant in writing that Plaintiff is represented by an attorney with respect to such debt. ("Plaintiff's Letter").

23. Despite Defendant having prior notification and knowing that Plaintiff is represented by counsel with respect to such debt, Defendant communicated with or attempted to communicate with Plaintiff by phone, email, mail, and/or SMS to collect on the debt at least (7) times.

24. Plaintiff's Letter notified Defendant that Plaintiff wishes Defendant cease further communications with Plaintiff.

25. Plaintiff's attorney sent Plaintiff's Letter to Defendant via a third-party

---

[17] 47 U.S.C. § 227(a)(1)
[18] The TCPA does not define the terms "artificial" or "prerecorded voice."
[19] 47 U.S.C. § 227
[20] 47 U.S.C. § 227(e)(8)(d)
[21] 47 U.S.C. § 227(e)(8)(c)
[22] See *Implications of Artificial Intelligence Technologies on Protecting Consumers from Unwanted Robocalls and Robotexts*, CG Docket No. 23-362, Declaratory Ruling, FCC 24-17 (rel. Feb. 8, 2023).

mailing service. This mailing service provides certification of the date, time, and address of the mailing.

26. Despite Defendant having notification Plaintiff wishes Defendant cease further communications with Plaintiff, Defendant communicated with or attempted to communicate with Plaintiff by phone, email, mail, and/or SMS to collect on the debt at least (7) times.

27. Plaintiff's Letter notified Defendant that Plaintiff disputes the debt.

28. Despite Defendant having notification Plaintiff disputes the debt, Defendant communicated with or attempted to communicate with Plaintiff by phone, email, mail, and/or SMS to collect on the debt at least (7) times without first mailing verification of debt to Plaintiff or Plaintiff's attorneys.

29. Plaintiff's Letter notified Defendant that Plaintiff revokes any prior consent that Defendant may communicate with Plaintiff by phone (residential and wireless), including by means of ATDS, Robotic Voice, and/or SMS.

30. Despite Defendant having notification Plaintiff revokes any prior consent to communicate with Plaintiff via ATDS, Robotic Voice, and/or SMS, Defendant communicated with or attempted to communicate with Plaintiff via ATDS, Robotic Voice, and/or SMS at least (7) times.

31. Plaintiff encountered delays and clicking sounds during calls, which are indicative of the use of an ATDS by Defendant.

32. Plaintiff's regularly experienced silent calls, which are indicative of the use of an ATDS by Defendant.

33. Plaintiff noticed rapid, successive calls when unanswered, which are indicative of the use of an ATDS by Defendant.

34. Plaintiff received voicemails with a robotic voice, which are indicative of the use of a pre-recorded voice by Defendant.

35. Plaintiff experienced initial silence followed by automated messages during calls, which are indicative of the use of a pre-recorded voice by Defendant.

36. Plaintiff experienced unnatural cadence or tone, lacking the typical inflections and variations associated with human speech during calls, which are indicative of the use of AI by Defendant.

37. Plaintiff experienced inappropriate pauses, mispronounce common words, use a monotone pitch, inability to answers questions, non-sensical responses, repetitive statements, which are indicative of the use of AI by Defendant.

38. Plaintiff experienced unnatural cadence or tone, lacking the typical inflections and variations associated with human speech during calls, which are indicative of the use of AI by Defendant.

39. Plaintiff received SMS that lacked a clear and conspicuous opt-out mechanism.

40. Plaintiff received generic and impersonal SMS content that did not address Plaintiff by name,

41. Through its actions described above, Defendant violated the FDCPA.

42. As detailed above, by violating the FDCPA, Defendant also violated Rosenthal.

43. Through its actions described above, Defendant violated Rosenthal.

44. Through its actions described above, Defendant violated the TCPA. Defendant's overwhelming collection activities and substantial intrusion upon seclusion, directly and proximately, caused Plaintiff undue stress, irritability, anxiety, and confusion; thereby damaging Plaintiff.

45. As a direct and proximate result of Defendant's actions, Plaintiff expended time and money consulting a lawyer, and incurred attorney fees and costs.

## ARBITRATION CLAUSE & SOVEREIGN IMMUNITY

46. Defendant's loan agreements contain arbitration clauses mandating dispute resolution under tribal law, significantly limiting consumer rights protected under federal statutes such as the FDCPA and TCPA, which constitutes

procedural and substantive unconscionability under California law.[23]

47. Defendant's website states "Neither this Jurisdiction and Choice of Law provision nor any other provision of these Terms of Use shall be construed to waive any your rights under U.S. federal law or shall prevent you from bringing any individual claim against us under U.S. federal law, subject to the arbitration provision in the Loan Agreement."[24]

48. Federal policy favoring arbitration "does not extend to a substantive waiver of federally protected statutory rights in an arbitration agreement."[25]

49. Enforcement of Defendant's arbitration clause under tribal jurisdiction violates clearly established public policy protecting consumer rights under federal consumer protection statutes, including the FDCPA and TCPA

50. Defendant has explicitly recognized consumers' right to assert individual federal claims, suggesting a limited waiver of tribal sovereign immunity for these statutory violations.[26]

51. Defendant's pattern of operating under a tribal sovereign immunity defense, while simultaneously engaging in aggressive collection practices against California consumers, constitutes an improper attempt to evade accountability under applicable federal laws.

### **COUNT I - VIOLATION OF FDCPA § 1692c(a)(2)**

52. Plaintiff incorporates and reiterates all previous allegations and statements herein.

53. Defendant violated 15 U.S.C. § 1692c(a)(2) when it communicated with or

---

[23] See *Ramirez v. Charter Commc'ns, Inc.*, 75 Cal. App. 5th 365, 373-74 (2022) ("Arbitration agreements containing terms that significantly impair statutory consumer protections may be procedurally and substantively unconscionable, rendering them unenforceable under California law.").

[24] https://www.spotloan.com/terms-of-service

[25] *Titus v. Zestfinance, Inc.*, Case No. 18-5373 RJB (W.D. Wash. Oct. 18, 2018) (quoting *Hayes v. Delbert*, 811 F.3d 666 (4th Cir. 2016)

[26] See Spotloan Terms of Service (https://www.spotloan.com/terms-of-service.)

attempted to communicate with Plaintiff to collect a debt after knowing Plaintiff is represented by an attorney with respect to such debt.

## COUNT II – VIOLATION OF FDCPA § 1692c(c)

54. Plaintiff incorporates and reiterates all previous allegations and statements herein.

55. Defendant violated 15 U.S.C. § 1692c(c) when it communicated with or attempted to communicate with Plaintiff to collect a debt after having notification Plaintiff wishes Defendant cease further communications with Plaintiff.

## COUNT III – VIOLATION OF FDCPA § 1692e

56. Plaintiff incorporates and reiterates all previous allegations and statements herein.

57. Defendant violated 15 U.S.C. § 1692e when it used false and deceptive means to collect on such debt by attempting to collect directly from Plaintiff after knowing of attorney representation, by attempting to collect from Plaintiff after notification of Plaintiff's wish it cease communications, and by attempting to collect from Plaintiff before mailing Plaintiff verification of debt.

## COUNT IV – VIOLATION OF FDCPA § 1692f

58. Plaintiff incorporates and reiterates all previous allegations and statements herein.

59. Defendant violated 15 USC § 1692f when it used unfair or unconscionable means to collect on such debt by attempting to collect directly from Plaintiff after notification of attorney representation, by attempting to collect from Plaintiff after notification of Plaintiff's wish it cease communications, and by attempting to collect from Plaintiff before mailing Plaintiff verification of debt.

## COUNT V – VIOLATION OF FDCPA § 1692g

60. Plaintiff incorporates and reiterates all previous allegations and statements herein.

61. Defendant violated 15 USC § 1692g when it communicated with or attempted to communicate with Plaintiff to collect a debt after Plaintiff notified Defendant that Plaintiff disputes the debt without first mailing to Plaintiff verification of the debt.

## COUNT VI – VIOLATION OF C.C.C. § 1788.14

62. Plaintiff incorporates and reiterates all previous allegations and statements herein.

63. Defendant violated Cal. Civ. Code § 1788.14 when it initiated communications with Plaintiff when previously notified that Plaintiff is represented by an attorney with respect to the debt.

## COUNT VII – VIOLATION OF C.C.C. § 1788.17

64. Plaintiff incorporates and reiterates all previous allegations and statements herein.

65. Defendant violated Cal. Civ. Code § 1788.17 when it failed to comply with the provisions of §§ 1692b to 1692j of the FDCPA.

## COUNT VIII – NEGLIGENT AND/OR WILLFUL VIOLATIONS OF TCPA 47 U.S.C. § 227 et. seq

66. Plaintiff incorporates and reiterates all previous allegations and statements herein.

67. Defendant violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C.S. § 227 et seq. by means of autodialed text messages and voice calls.

68. Defendant violated the TCPA when it used ATDS and/or Robotic Voice to contact Plaintiff by telephone after notification of Plaintiff's revocation of

any consent to receive such calls.

69. The foregoing acts and omissions of Defendant constitutes numerous negligent and/or willful violations of the TCPA, including but not limited to every one of the above-cited provisions of the TCPA.

70. To properly plead a TCPA claim under 47 U.S.C. § 227(b), Plaintiff must merely allege the following elements: (1) a defendant called their cellular or residential phone numbers, (2) using an ATDS or artificial or pre-recorded voice, (3) without their prior express consent.[27]

71. To plead these elements as required will obviously include overlap with the very statute that a Plaintiff alleges Defendant violated. [28]

72. Therefore, Plaintiff's allegations above regarding Defendant's conduct satisfy all requisite elements for a TCPA claim, thus Defendant violated 47 U.S.C. § 227(b)(1).

73. As a result of Defendant's negligent violations of TCPA, Plaintiff is entitled to an award of $500 in statutory damages, for each violation.[29]

74. As a result of Defendant's knowing and/or willful violations of TCPA, Plaintiff is entitled to an award of $1,500 in statutory damages for every one of Defendant's knowing and/or willful violations of the TCPA.[30]

75. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.[31]

## COUNT IX – INTRUSION UPON SECLUSION

76. Plaintiff incorporates and reiterates all previous allegations and statements

---

[27] See *Meyer v. Portfolio Recovery Assocs.*, LLC, 707 F.3d 1036, 1043 (9th Cir. 2012).

[28] See *Vaccaro v. CVS Pharmacy, Inc.*, No. 13-CV-174 - IEG (RBB), 2013 U.S. Dist. LEXIS 99991, at *6 (S.D. Cal. July 16, 2013) ("It does not follow that factual allegations that borrow or echo statutory language are necessarily legal conclusions. Factual allegations do not cease to be factual even if they quote a statute's language.")

[29] 47 U.S.C. § 227(b)(3)(B).

[30] 47 U.S.C. § 227(b)(3)(C).

[31] 47 U.S.C. § 227(b)(3)(A).

herein.

77. Under California law, the essential elements of an intrusion upon seclusion claim are as follows: (1) the defendant intentionally intruded, physically or otherwise, upon the solitude or seclusion, private affairs or concerns of the plaintiff; (2) the intrusion was substantial, and of a kind that would be highly offensive to an ordinarily reasonable person; and (3) the intrusion caused plaintiff to sustain injury, damage, loss, or harm.[32]

78. Defendant, by continuing to engage in communication efforts through telephone calls, emails, and SMS messages after receiving Plaintiff's Letter, intentionally intruded upon the solitude and seclusion of Plaintiff. The Plaintiff's Letter clearly revoked any prior consent to such communications, issued a cease and desist directive regarding further communications, noted the representation of Plaintiff by counsel regarding the debt, and disputed the validity of the debt itself.

79. Despite these clear directives, Defendant's continued communications were in direct violation of the FDCPA, Rosenthal, and TCPA. Each statute provides mechanisms for consumers to stop unauthorized contact from debt collectors and outline penalties for non-compliance, thereby underlining the substantial nature of the intrusion.

80. The persistence of Defendant's communications after such revocations and notices, especially using automated technologies that exacerbated the frequency and impersonality of the contacts, constitutes an intrusion that would be highly offensive to any reasonable person. This is particularly egregious given the clear legal requests for cessation of contact, thus evidencing a blatant disregard for both statutory protections and Plaintiff's

---

[32] See *Smith v. Credit Corp. Sols., Inc.,* No. 3:20-cv-01295-JAH-RBB, 2022 U.S. Dist. LEXIS 59192 (S.D. Cal. Mar. 30, 2022)

expressed desires and legal rights.

81. As a direct result of these substantial and offensive intrusions, Plaintiff suffered significant emotional distress including stress, anxiety, and confusion, alongside the financial burden of seeking legal advice to address and halt Defendant's improper actions.

82. Therefore, Plaintiff respectfully requests that this Court find Defendant liable for intrusion upon seclusion, taking into account the explicit statutory violations of the FDCPA, Rosenthal, and TCPA, and award compensatory damages for the emotional and financial harm suffered, plus any further relief deemed appropriate by the Court.

## JURY DEMAND

83. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

84. Plaintiff prays for the following relief:

   a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

   b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   c. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the California Rosenthal Fair Debt Collection Practices Act, pursuant to Cal. Civ. Code § 1788.30(b);

   d. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

   e. Judgment against Defendant for $500 in statutory damages for each and

every one of Defendant's negligent violations of 47 U.S.C. § 227(b)(1);

f.  Judgment against Defendant $1,500.00 in statutory damages for each and every one of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(C);

g.  A judicial determination declaring Defendant's arbitration clause mandating dispute resolution under tribal law as procedurally and substantively unconscionable, void, unconstitutional, and unenforceable under California and Federal law;

h.  Injunctive relief prohibiting Defendant from such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A); and

i.  Any other legal and/or equitable relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED,

THE LAW OFFICE OF

ANTHONY PAUL DIEHL

Dated: May 1, 2025            By:   /s/Anthony P. Diehl
                                    Anthony Diehl, Esq.

COMPLAINT - 13