_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00916-FWS-KES                    Date: October 14, 2025
Title: Anthony Ayala v. BlueChip Financial Services et al

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:                    Attorneys Present for Defendants:

Not Present                                                     Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION [13]**

This case arises out of the practices that Defendant BlueChip Financial Services, doing business as SpotLoan, employed to collect on a loan that Defendant issued to Plaintiff Anthony Ayala. (*See generally* Dkt. 1 ("Complaint").) Before the court is Defendant's Motion to Compel Arbitration. (Dkt. 13 ("Motion" or "Mot.").) Plaintiff opposes the Motion. (Dkt. 17 ("Opposition" or "Opp.").) Defendant filed a reply in support of the Motion. (Dkt. 19 ("Reply").) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing currently set for **October 16, 2025**, is **VACATED** and off calendar. Because Defendant demonstrates that a valid arbitration agreement governs this dispute, the court **GRANTS** the Motion.

## I.    Background

Plaintiff alleges that "Defendant . . . is an entity wholly owned and operated by Turtle Mountain Band of Chippewa Indians, with its principal office in the State of North Dakota." (Compl. ¶ 8.) Plaintiff took out a loan from Defendant. (*See id.* ¶¶ 6-9.) "Despite Defendant having notification Plaintiff wishes Defendant cease further communications with Plaintiff, Defendant communicated with or attempted to communicate with Plaintiff by phone, email, mail, and/or SMS to collect on the debt at least (7) times." (*Id.* ¶ 26.) Plaintiff brings claims under the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), California Civil

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00916-FWS-KES                    Date: October 14, 2025
Title: Anthony Ayala v. BlueChip Financial Services et al

Code § 1788, the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., and the common law claim of Intrusion Upon Seclusion because of these unwanted communications. (*Id.* ¶¶ 52-82.)

Defendant introduces evidence of an arbitration agreement between the parties incident to the loan. (Dkt. 13-3 ("Arbitration Agreement"); *see* Compl. ¶ 46 ("Defendant's loan agreements contain arbitration clauses . . . .").) In the Arbitration Agreement the parties agree that:

> Unless prohibited by federal law, you and we agree to arbitrate all Claims through BINDING INDIVIDUAL ARBITRATION, as explained below. "Claims" includes all claims and disputes regarding this Loan Agreement and/or any of our past, present or future dealings with each other. Claims do not include the validity, scope, or enforceability of this Arbitration Agreement.

(Arbitration Agreement at 10-11.) Further, the Arbitration Agreement has a section titled "Governing Law" which reads:

> By signing this Loan Agreement, you acknowledge and agree that this Loan Agreement, your loan with us, and any and all aspects of our relationship, including all claims or causes of action (whether in contract, tort, equity, statute, or otherwise) shall be subject to, governed by, and enforced in accordance with the laws of the Tribe and U.S. federal law. This includes, among other things, tribal and federal laws concerning the marketing, underwriting, funding, servicing, and collection of your loan. For purposes of this Loan Agreement and under the federal Consumer Protection Act of 2010, the Tribe is considered a state. **You acknowledge and agree that the laws of the Tribe will apply rather than the laws of your state or any other state.**
>
> Neither this Governing Law provision nor any other provision of this Loan Agreement shall be construed to waive any of your rights under

---

**CIVIL MINUTES – GENERAL**                                                        2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

JS-6

Case No. 8:25-cv-00916-FWS-KES                    Date: October 14, 2025
Title: Anthony Ayala v. BlueChip Financial Services et al

> U.S. federal law or shall prevent you from bringing any individual
> Claim against us under U.S. federal law, subject to the Arbitration
> Agreement's prohibition of class actions, class arbitration, and
> injunctive relief in favor of non-parties.

(Arbitration Agreement at 10 (emphasis in original).)

## II.      Legal Standard

Under the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* (the "FAA"), "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  "The basic role for courts under the FAA is to determine '(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.'"  *Kilgore v. KeyBank Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (en banc) (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)).  "If the court answers both questions in the affirmative, it must 'enforce the arbitration agreement in accordance with its terms.'"  *Johnson v. Walmart Inc.*, 57 F.4th 677, 680-81 (9th Cir. 2023) (quoting *Revitch v. DIRECTV, LLC*, 977 F.3d 713, 716 (9th Cir. 2020)); *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (stating the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed").

Although "doubts concerning the scope of an arbitration clause should be resolved in favor of arbitration, the presumption does not apply to disputes concerning whether an agreement to arbitrate has been made."  *Goldman, Sachs & Co. v. City of Reno*, 747 F.3d 733, 743 (9th Cir. 2014) (quoting *Applied Energetics, Inc. v. NewOak Cap. Mkts., LLC*, 645 F.3d 522, 526 (2d Cir. 2011)).  "The first principle of a court's arbitration decision is that arbitration is strictly a matter of consent and thus is a way to resolve those disputes—*but only those disputes*—that the parties have agreed to submit to arbitration."  *Johnson*, 57 F.4th at 681 (quoting *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 299 (2010)) (emphasis in original) (cleaned up); *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574,

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00916-FWS-KES                    Date: October 14, 2025
Title: Anthony Ayala v. BlueChip Financial Services et al

_____

582 (1960) ("For arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.").

## III.    Discussion

Defendant moves to compel arbitration based on the Arbitration Agreement. (*See generally* Mot.) Plaintiff raises several arguments in support of his position that his claims should not be sent to arbitration. First, Plaintiff argues that his "FDCPA, Rosenthal, and TCPA claims 'do not arise from or relate to' the loan contract." (Opp. at 4.) Second, that the Arbitration Agreement is an impermissible "waiver of statutory rights." (*Id.* at 7.) And third, that factual disputes exist that make enforcement improper without a hearing under the Federal Arbitration Act." (*Id.* at 11.) The court takes each argument in turn.

### A.    The Arbitration Agreement Encompasses Plaintiff's Claims

Plaintiff argues that his claims under the Rosenthal Act, FDCPA, and TCPA are not subject to arbitration because Plaintiff does not "seek to enforce contract terms" rather Plaintiff seeks to "enforce statutory remedies unrelated [to] the four corners of the contract." (Opp. at 4.) The court is unpersuaded.

Plaintiff's claims originate from the allegation that Defendant contacted Plaintiff to collect on the debt that Plaintiff signed the Arbitration Agreement to obtain. (*See* Compl. ¶ 23.) The Arbitration Agreement explicitly encompasses these collection activities. (*See* Arbitration Agreement at 10 (explaining that claims arising from "collection of [Plaintiff's] loan" will be governed by tribal law).) Courts regularly compel arbitration where the plaintiff brings a TCPA claim arising from the defendant's efforts to collect on a debt which is contemplated by the arbitration agreement. *See, e.g., McNamara v. Royal Bank of Scotland Grp., PLC*, 2012 WL 5392181, at *7 (S.D. Cal. Nov. 5, 2012) ("Without a doubt, the phone calls to Plaintiff were related to 'collection activity,' an issue explicitly contemplated by the Agreement . . . Therefore, Plaintiff's TCPA claims relate to his Agreement with Defendants, and are consequently subject to arbitration."); *see also Tuck v. DirecTV*, 2016 WL 6698938, at *3 (S.D. Cal. Nov. 15, 2016) (similar).

_____

**CIVIL MINUTES – GENERAL**                                            **4**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00916-FWS-KES                    Date: October 14, 2025
Title: Anthony Ayala v. BlueChip Financial Services et al

Plaintiff's citation to *In re Jiffy Lube Int'l, Inc., Text Spam Litig.*, is unpersuasive.  847 F. Supp. 2d 1253 (S.D. Cal. 2012); (Opp. at 5-6.).  There, the plaintiff signed an arbitration agreement when he took his car for an oil change.  *Id.* at 1255-56.  The district court held that the defendant's later text message to the plaintiff that "offered a discount on [defendant's] services" did not relate to the contract governing the plaintiff's oil change.  *Id.* at 1255, 1263.  *Jiffy Lube* is materially different from this case because Plaintiff's claims arise from Defendant's efforts to collect on the debt which originated from the precise agreement at issue.

Accordingly, the court finds that Plaintiff's claims are encompassed by the Arbitration Agreement.  *See Delgado v. Progress Fin. Co.*, 2014 WL 1756282, at *6 (E.D. Cal. May 1, 2014) (compelling arbitration of Rosenthal Act claims where "the underlying conduct is still squarely rooted in agreement between the parties and thus is encompassed by the Arbitration Agreement"); *Snyder v. CACH, LLC*, 2016 WL 6662675, at *11 (D. Haw. Nov. 10, 2016) ("Plaintiff points to no evidence of Congress's intent to preclude the arbitration of claims under the FDCPA and many courts have found that FDCPA claims are arbitrable.") (collecting cases).

## B.      The Arbitration Agreement is Enforceable

Plaintiff takes issue with several aspects of the Arbitration Agreement.  (*See* Opp. at 6-11.)  The court analyzes Plaintiff's arguments and finds that none render the Arbitration Agreement unenforceable.

First, the court rejects Plaintiff's argument that Defendant's "tribal arbitration . . . would undermine important public policies and leave Plaintiff without a fair forum for his state and federal rights."  (Opp. at 4.)  The Arbitration Agreement explicitly reserves Plaintiff's access to federal causes of action—"Neither this Governing Law provision nor any other provision of this Loan Agreement shall be construed to waive any of your rights under U.S. federal law." (Arbitration Agreement at 10.)  Although the Arbitration Agreement does provide that tribal law, not California law, will apply, that does not necessarily render the clause unenforceable. (*Id.*)

"Under California's choice of law rules, we must first determine whether the selected state 'has a substantial relationship to the parties or their transaction, or . . . whether there is any other reasonable basis for the parties' choice of law.'" *Delisle v. Speedy Cash*, 818 Fed.Appx

---

**CIVIL MINUTES – GENERAL**                                                                 5

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00916-FWS-KES                    Date: October 14, 2025
Title: Anthony Ayala v. BlueChip Financial Services et al

---

608, 611 (9th Cir. 2020).  A court may not enforce the choice of law provision if (1) the substantive law of the tribe is "contrary to a fundamental policy of California" *and* (2) California has a "materially greater interest" than the tribe in resolving the issue. *Washington Mutual Bank v. Superior Court*, 24 Cal.4th 906, 917 (2001) (emphasis added).

The court finds that Plaintiff's argument fails at the second step of the analysis. Defendant is a tribally-owned entity, "organized under and governed by the laws of . . . the Turtle Mountain Band of Chippewa Indians of North Dakota, and is a wholly-owned financial arm of the Tribe."  (Dkt. 13-2 ¶ 3.)  Similarly, Defendant's loans are originated and serviced "from the Tribe's reservation in North Dakota." (*Id.* ¶¶ 5-6.)  Accordingly, the court finds Plaintiff has not adequately shown that California has a materially greater interest than the tribe does in this dispute.  *Huntley v. Rosebud Econ. Dev. Corp.*, 2023 WL 5186247, at *8 (S.D. Cal. Aug. 11, 2023) ("The Rosebud Sioux Tribe has a substantial relationship to the agreements in question because ZocaLoans is a business formed under the Rosebud Tribal Law.").

Second, Plaintiff's further argument that the Agreement is unconscionable because it "simultaneously bars class actions and public injunctive relief" is unavailing.  (Opp. at 7.)  It is well settled that class "action waivers in arbitration clauses are not unconscionable." *Mikhak v. Univ. of Phoenix*, 2016 WL 3401763, at *12 (N.D. Cal. June 21, 2016) (citing *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 352 (2011)).  And in "order to argue that a public injunction waiver renders an agreement unconscionable under *McGill*, a plaintiff must actually allege a claim for public injunctive relief." *Stock v. Wells Fargo*, 2023 WL 5505839, at *8 (C.D. Cal. July 13, 2023) (citing *Hodges v. Comcast Cable Commc'ns, LLC*, 21 F.4th 535, 541 (9th Cir. 2021) ("We conclude that, because Hodges' complaint does not seek public injunctive relief, the *McGill* rule is not implicated and that rule therefore does not bar enforcement of the arbitration provision.")).  Here, Plaintiff makes a broad request for "[i]njunctive relief prohibiting Defendant from such conduct in the future . . . ."  (Compl. at 13.)  The court finds this prayer does not constitute public injunctive relief.  *See Torres v. Veros Credit LLC*, 2023 WL 5505887, at *5 (C.D. Cal. July 13, 2023) ("The relief sought by Plaintiff would benefit only 'a particular class of persons,' namely the customers of Defendant.").

For the above reasons, the court finds no reason why the Arbitration Agreement should not be enforced in this case.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00916-FWS-KES                    Date: October 14, 2025
Title: Anthony Ayala v. BlueChip Financial Services et al

### C.    No Factual Disputes Prevent Arbitration

Finally, Plaintiff maintains that "factual disputes exist that make enforcement [of the Arbitration Agreement] improper without a hearing under the Federal Arbitration Act." (Opp. at 11-12.) "The FAA explicitly provides for a trial on the issue of contract formation regarding arbitration agreements." *Teshome v. O'Melveny & Myers, LLP*, 2005 WL 8156438, at *2 (C.D. Cal. July 29, 2005); 9 U.S.C. § 4 ("If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof.").

Plaintiff does not contest that he signed the Arbitration Agreement—indeed, his Complaint indicates that he does not dispute formation. (*See* Compl. ¶¶ 46-47.) Rather, Plaintiff reframes his legal arguments about the Arbitration Agreement as a factual dispute. (*See id.* at 12 ("Plaintiff squarely contests whether Defendant's post-revocation communications fall within any agreement to arbitrate.").) This is not a dispute of fact; it is a legal argument. Therefore, the court concludes there is no factual dispute necessitating a trial.

## IV.    Disposition

For the reasons stated above, the Motion is **GRANTED**. The court **STAYS** this case pending completion of the arbitration proceedings. The court **ORDERS** the parties to file a joint status report regarding the arbitration proceedings every **90 days,** with the first status report due on **January 8, 2026**; and to file a joint status report within **5 days** of the completion of arbitration proceedings. **Failure to timely file any status report may result in dismissal for lack of prosecution and/or failure to comply with a court order.** *See* Fed. R. Civ. P. 41(b); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("Rule 41(b) permits dismissal for failure of the plaintiff to prosecute or to comply with any order of court."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (courts may "act sua sponte to dismiss a suit for failure to prosecute") (cleaned up); *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of [their] failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (affirming *sua sponte* dismissal with prejudice "for failure to

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00916-FWS-KES                    Date: October 14, 2025
Title: Anthony Ayala v. BlueChip Financial Services et al

prosecute and for failure to comply with a court order"); *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (stating that "[d]istrict courts have inherent power to control their dockets" and "[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal").